**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00039-CR**
_____

**SAMMY VALDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-11-12046-CR**

**MEMORANDUM OPINION**

Sammy Valdez, an inmate appearing pro se, appealed the trial court's denial of his motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.05. We affirm the trial court's order.

Background

A jury found Valdez guilty on two counts of aggravated robbery. Valdez's convictions and life sentences were affirmed on appeal.[1] On May 23, 2022, Valdez filed a pro se motion for forensic DNA testing in the court of conviction. He requested a determination of his indigence, but Valdez did not request that counsel be appointed to represent him in the Chapter 64 proceeding. Valdez alleged the grounds for ordering DNA testing in a single paragraph, which states:

> The defendant pro se believes that the following biological material is in the possession of the state, that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids or other identifiable biological evidence that may be suitable for forensic DNA testing that was not previously available, and can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

In a written response, the State argued the trial court should deny the motion because Valdez had failed to support his motion with the supporting affidavit required by article 64.01(a-1). *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1) ("A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person,

---

[1] The Thirteenth Court of Appeals decided the appeals pursuant to a docket equalization order. *See generally Valdez v. State*, Nos. 13-15-00470-CR and 13-15-00471-CR, 2016 WL 4702683, at *1 (Tex. App.—Corpus Christi-Edinburg Sept. 8, 2026, no pet.) (mem. op., not designated for publication).

containing statements of fact in support of the motion."). The State noted that the motion did not identify what evidence Valdez wanted tested.

On February 15, 2023, the trial court denied Valdez's motion for forensic DNA testing without conducting a hearing. The trial court found that Valdez failed to support his motion with an affidavit or an authorized substitute containing statements of fact in support of the motion.

Appeal

Valdez filed a notice of appeal, but he failed to file a brief. On May 31, 2023, we warned the appellant that his brief was late. On June 30, 2023, we notified the parties that the appeal would be submitted without briefs on July 21, 2023.

The trial court has jurisdiction over the Chapter 64 proceeding because Valdez had been convicted in that court. *See Id.* Valdez's motion for forensic DNA testing described biological material, but it failed to identify any item in the possession of the State containing identifiable biological evidence that may be suitable for forensic DNA testing. *See id.* art. 64.01(a)(1). Valdez failed to support his motion with an affidavit or a statement, made under penalty of perjury, that identifies any evidence having a reasonable likelihood of containing biological material. *See id.* art. 64.01(a-1). For these reasons, the record supports the trial court's ruling denying Valdez's motion for DNA testing of the material he described.

3

A person convicted of a crime has a statutory right to counsel in a Chapter 64 proceeding if (1) the person informs the trial court that he wishes to submit a motion for forensic DNA testing, (2) the trial court finds reasonable grounds for a motion to be filed, and (3) the trial court determines the person is indigent. *Id.* art. 64.01(c). Here, the trial court did not find that reasonable grounds exist for a motion to be filed because it found that Valdez failed to support his motion with an affidavit containing statements of fact in support of the motion. *See id.* art. 64.01(a-1). Therefore, Valdez did not have a statutory right to counsel in the Chapter 64 proceeding. *See id.* art. 64.01(c).

After reviewing the record, we find no violation of an absolute requirement or prohibition in the proceedings that the trial court conducted under Chapter 64 of the Texas Code of Criminal Procedure. *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). Accordingly, we affirm the order denying the post-conviction motion for forensic DNA testing. *See* Tex. R. App. P. 43.2(a).

AFFIRMED.

PER CURIAM

Submitted on July 21, 2023
Opinion Delivered August 16, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

4